UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOAQUIN BROUSHON HILL,<br><br>                    Petitioner,<br>   v.<br>TIMOTHY FILSON, et al.,<br><br>                    Respondents. | Case No. 3:16-cv-00694-MMD-WGC<br>Case No. 3:16-cv-00743-MMD-VPC<br><br>ORDER |

On November 30, 2016, petitioner Joaquin Broushon Hill submitted a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and an application to proceed *in forma pauperis* in case number 3:16-cv-00694-MMD-WGC (ECF Nos. 1, 1-1). On December 30, 2016, this court denied the application to proceed *in forma pauperis* because the pauper application was on the non-inmate form and Hill failed to include all required attachments (ECF No. 3).

Previously, Hill had submitted his petition in case number 3:16-cv-00594-HDM-VPC but had failed to file an application to proceed *in forma pauperis* at all or pay the filing fee. That action was therefore dismissed without prejudice as improperly commenced, and the case was closed (3:16-cv-00594, ECF No. 3).

In response to that dismissal, on December 20, 2016, Hill submitted a completed inmate application to proceed *in forma pauperis* as well as a copy of the same petition and attempted to file it in case number 3:16-cv-00594. Because 3:16-cv-00594 was closed, the Clerk of Court opened another habeas action under case number 3:16-cv-00743-MMD-VPC.

Accordingly, Hill now has two open habeas cases with the same petition — 3:16-cv-00694 and 3:16-cv-00743. Therefore, the second, later-filed action, case number 3:16-cv-00743, will be closed as duplicative. The application to proceed *in forma pauperis* filed in 3:16-cv-00743 will be filed in case number 3:16-cv-00694 and docketed at ECF No. 5. That second application to proceed *in forma pauperis* will be granted.

Petitioner is expressly advised that case number 3:16-cv-00694 is now his one pending federal habeas proceeding, and any future documents will be filed in this case only.

Next, the Court has reviewed the petition pursuant to Habeas Rule 4, and it will be docketed and served on respondents.[1] A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

It is therefore ordered that the Clerk close case number 3:16-cv-00743-MMD-VPC as duplicative.

It is further ordered that petitioner file any future documents in case number 3:16-cv-00694 only.

It is further ordered that the Clerk file the application to proceed *in forma pauperis* that was docketed in case number 3:16-cv-00743-MMD-VPC in case number 3:16-cv-00694 as ECF No. 5.

---

[1] As this Court noted in a previous order, petitioner indicates that the Nevada Supreme Court affirmed his convictions on direct appeal on August 19, 2008, and that the Nevada Supreme Court affirmed the denial of his state postconviction petition on March 5, 2014 (ECF No. 1-1). He submitted his federal habeas petition for mailing on November 22, 2016. (*Id.*) This Court may take judicial notice of the Nevada state-court dockets, however, which reflect that on June 22, 2016, the Nevada Court of Appeals affirmed the denial on the merits of a state postconviction petition filed by Hill (Nevada Court of Appeals Case No. 68348). Thus, it does not appear that this federal habeas petition is subject to dismissal as untimely.

It is further ordered that the briefing schedule set forth below applies to case number 3:16-cv-00694.

It is further ordered that petitioner's second application to proceed *in forma pauperis* (ECF No. 5) is granted.

It is further ordered that the Clerk file and electronically serve the petition (ECF No. 1-1) on the respondents.

It is further ordered that the Clerk add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents.

It is further ordered that respondents file a response to the petition, including potentially by motion to dismiss, within ninety (90) days of service of the petition, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. Any response filed must comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

It is further ordered that any procedural defenses raised by respondents in this case must be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

///

It is further ordered that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that petitioner will have forty-five (45) days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

It is further ordered that any additional state court record exhibits filed herein by either petitioner or respondents must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number of the exhibit in the attachment.

It is further ordered that the parties must send courtesy copies of all exhibits in this case to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, directed to the attention of "Staff Attorney" on the outside of the mailing address label. Additionally, in the future, all parties must provide courtesy copies of any additional exhibits submitted to the Court in this case, in the manner described above.

DATED THIS 5th day of January 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE