# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOAQUIN BROUSHON HILL,<br><br>        Petitioner,<br><br>    v.<br><br>TIMOTHY FILSON, *et al.,*<br><br>        Respondents. | Case No. 3:16-cv-00694-MMD-WGC<br><br>ORDER |

This *pro se* habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss petitioner Joaquin Broushon Hill's petition (ECF No. 8). Hill filed a response; he styled it as a motion to respond to dismissal, which the court construes as his opposition (ECF No. 17), and respondents replied (ECF No. 16).

## I. PROCEDURAL HISTORY AND BACKGROUND

On November 30, 2006, a jury found Hill guilty of first-degree murder with use of a deadly weapon (Exh. 59).[1] Hill was sentenced to two consecutive terms of life in prison without the possibility of parole. (Exh. 66.) Judgment of conviction was filed on January 11, 2007. (Exh. 67.) The Nevada Supreme Court affirmed his conviction in a published opinion on July 24, 2008, and remittitur issued on August 19, 2008. (Exhs. 84, 86.)

Hill filed a state postconviction habeas petition on December 1, 2008. (Exh. 93.) The state district court appointed counsel and ultimately denied the petition. (Exh. 162.) The Nevada Supreme Court affirmed the denial of the petition on June 22, 2016, and remittitur issued on July 20, 2016. (Exhs. 187, 189.)

---

[1]Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 8, and are found at ECF Nos. 9-15.

Hill dispatched his federal petition for mailing on or about November 22, 2016. (ECF No. 6.) Respondents now move to dismiss the petition on the bases that the claims are unexhausted, procedurally barred and/or noncognizable in federal habeas corpus. (ECF No. 8.)

## II. LEGAL STANDARDS & ANALYSIS

### A. Exhaustion

State prisoners seeking federal habeas relief must comply with the exhaustion rule codified in § 2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) The applicant has exhausted the remedies available in the court so the State; or
>
> (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The purpose of the exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal court, and to "protect the state courts' role in the enforcement of federal law." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States

Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan*, 513 U.S. at 365; *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose*, 455 U.S. at 520). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106 (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

### 1. Grounds 3, 4, 5(b), and 5(c)

Hill asserts the following in grounds 3 through 5:

Ground 3: Hill's due process and fair trial rights were violated when trial court and public defender refused to qualify Hill's alibi witness (ECF No. 6 at 7);

Ground 4: several instances of prosecutorial misconduct that violated Hill's due process and fair trial rights (*id.* at 9-10);

Ground 5(b): trial counsel was ineffective for failing to adequately investigate Hill's competency to stand trial and other significant mental impairments; and

Ground 5(c): trial counsel was ineffective for failing to object to the admission into evidence of the autopsy photographs (*id.* at 11).

Respondents are correct that Hill did not present any of these claims to the Nevada Supreme Court. (*See* Exhs. 80, 177.) They are, therefore, unexhausted.

**B.   Procedural Default**

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides that this court may grant habeas relief if the relevant state court decision was either: (1) contrary to clearly established federal law, as determined by the Supreme Court; or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).  A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Id.*  The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to

4

exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

To demonstrate a fundamental miscarriage of justice, a petitioner must show the constitutional error complained of probably resulted in the conviction of an actually innocent person. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). This is a narrow exception, and it is reserved for extraordinary cases only. *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992). Bare allegations unsupplemented by evidence do not tend to establish actual innocence sufficient to overcome a procedural default. *Thomas v. Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992).

### 1. Ground 2

Respondents argue that ground 2 is procedurally barred (ECF No. 8 at 5). Hill asserts in ground 2 that his Fifth, Sixth and Fourteenth Amendment rights were violated because the court failed to adequately inquire into Hill's competency to stand trial, and the State prevented the trial court from instructing the jury on a temporary insanity defense (ECF No. 6 at 5).

In his state postconviction habeas petition, Hill raised this claim for the first time. (*See* Exh. 177.) The Nevada Court of Appeals affirmed the denial of this claim as procedurally barred because it could have been raised in his direct appeal. (Exh. 187); NRS § 34.810(1)(b)(2). Petitioner bears the burden of proving good cause for his failure to present the claim and actual prejudice. NRS § 34.810(3). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case — NRS § 34.810 — is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). Therefore, the Nevada Court of Appeal's determination that federal ground 2 was procedurally barred under NRS § 34.810(1)(b) was an independent and adequate ground to affirm the denial of the claim in the state

///

petition. Hill does not argue that he can demonstrate cause and prejudice to excuse the default. Accordingly, ground 2 is dismissed as procedurally barred.

### C. Claims Cognizable in Federal Habeas Corpus

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004).

#### 1. Ground 1

Hill contends that his Sixth and Fourteenth Amendment due process rights were violated because there were defects in the grand jury proceedings, including that jurors knew the victim or victim's family. (ECF No. 6 at 3.) However, as respondents point out, the right to a grand jury has not been applied to the states via the Fourteenth Amendment. *See Apprendi v. New Jersey*, 530 U.S. 466, 499 (2000); *Hurtado v. California*, 110 U.S. 516, 538 (1884). Thus, a challenge to grand jury proceedings does not raise a claim of federal constitutional law. Accordingly, ground 1 is dismissed as noncognizable on federal habeas review. 28 U.S.C. § 2254(d).

### D. Conclusory Claims

In federal habeas proceedings, mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

///

6

### 1. Ground 6

Hill cites to *Apprendi v. New Jersey*, 530 U.S. 466 and also states that his Fifth, Sixth and Fourteenth Amendment rights to a new trial under *Cunningham v. California*, 549 U.S. 270 (2007) case were violated. (ECF No. 6 at 13.) Hill sets forth no factual allegations whatsoever in ground 6. Further, these two cases involve the federal constitutional requirement that any fact that increases the penalty for a crime beyond the prescribed statutory maximum (other than a prior conviction) must be submitted to a jury and proved beyond a reasonable doubt. However, Hill was sentenced by a jury, not a judge. (Exh. 64.) Ground 6 is, therefore, dismissed as conclusory and clearly lacking in merit.

### III. PETITIONER'S OPTIONS REGARDING UNEXHAUSTED CLAIM

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose*, 455 U.S. at 510. A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court concludes that ground 1 is dismissed as noncognizable in federal habeas; ground 2 is dismissed as procedurally barred; ground 6 is dismissed as conclusory and plainly meritless; and grounds 3, 4, 5(b), and 5(c) are unexhausted. Because the court finds that the petition contains unexhausted claims, petitioner has these options:

    1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

    2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

    3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

If petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court, and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and petitioner to reply. Or petitioner may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

Finally, Hill filed what he styled as a motion to the courts in which he states that Ely State Prison officials destroyed some of his legal mail (ECF No. 20). First, a claim of destruction of legal mail would implicate Hill's civil rights under 42 U.S.C. § 1983.[2] Second, respondents have provided ESP officials' responses to Hill's grievances, in which officials state that they do not have any of Hill's legal mail and that he is in possession of all of his legal mail. (ECF No. 22.) The court takes seriously allegations of prison officials' interference with inmates' legal mail. However, currently, the motion to dismiss stands fully briefed, and Hill has not set forth specific, credible allegations that he

---

[2] Hill may elect to file a separate action to pursue this claim, but this Order does not address or suggest the merits of such a claim.

was prevented from setting forth a specific argument or filing a specific document. Accordingly, the motion is denied.

## IV. CONCLUSION

It is therefore ordered that respondents' motion to dismiss (ECF No. 8) is granted in part as follows: (1) grounds, 1, 2, and 6, are dismissed as set forth in this order; and (2) grounds 3, 4, 5(b) and 5(c) are unexhausted.

It is further ordered that petitioner will have thirty (30) days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; or (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; or (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

It is further ordered that if petitioner elects to abandon his unexhausted grounds, respondents will have thirty (30) days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition, and must comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that petitioner will have thirty (30) days following service of respondents' answer in which to file a reply.

It is further ordered that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

It is further that petitioner's motion to respond to dismissal (ECF No. 17) is granted since petitioner need not ask for leave to respond to the motion to dismiss.

It is further ordered that petitioner's motion to courts (ECF No. 20) is denied.

DATED THIS 1st day of February 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE