UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOAQUIN BROUSHON HILL,

Petitioner,

v.

TIMOTHY FILSON, *et al.*,

Respondents.

Case No. 3:16-cv-00694-MMD-WGC

ORDER

**I. SUMMARY**

This *pro se* habeas matter under 28 U.S.C. § 2254 comes before the Court on Petitioner Joaquin Broushon Hill's motion for stay and abeyance in accordance with *Rhines v. Weber* in order that he may exhaust all grounds of the Petition (ECF No. 28). Respondents opposed the motion to stay (ECF No. 29), and Hill replied (ECF No. 31). Hill also filed a motion for appointment of counsel, which the Court considers first (ECF No. 32).

**II. MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 32)**

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his

claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). Here, Hill's Petition sets forth his claims reasonably clearly, and he has already both opposed the motion to dismiss and filed a motion for stay *pro se*. His form motion for appointment of counsel does not provide any allegations or argument as to why counsel should be appointed at this stage of the litigation. Therefore, the Court concludes that counsel is not justified, and Hill's motion is denied.

### III. MOTION FOR STAY AND ABEYANCE (ECF NO. 28)

The Court turns next to Hill's motion for stay and abeyance. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

The Court went on to state that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Thus, this Court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977-80 (9th Cir. 2011). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by

sufficient evidence, to justify [the failure to exhaust a claim in state court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id.* An indication that the standard is not particularly stringent can be found in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Supreme Court stated that "a petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust." *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278); *see also Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

In its order dated February 1, 2018, this Court granted Respondents' motion to dismiss in part and concluded that grounds 3, 4, 5(b), and 5(c) were unexhausted (ECF No. 25). In ground 3, Hill argues that the trial court and trial counsel erred in failing to qualify an alibi witness. (ECF No. 6 at 7.) He contends in ground 4 that the prosecutor committed several instances of misconduct. (*Id.* at 9.) In ground 5(b), Hill argues that trial counsel was ineffective for failing to adequately explore his competency to stand trial and significant mental impairments. (*Id.* at 11.) Finally, in ground 5(c), Hill contends that trial counsel was ineffective for failing to object to the admission of autopsy photographs. (*Id.*)

In his motion to stay, Hill mainly argues that he did present these claims to the state courts and that they are in fact exhausted (ECF No. 28). He also intimates that the fact that the victim's husband had been a justice of the peace in Verdi, Nevada—where the murder occurred until the husband's death in 1980—prevented a fair trial. Hill further complains that the state district court violated his due process rights by adjudicating his state postconviction petition without conducting an evidentiary hearing. These arguments do not demonstrate good cause for failure to exhaust his unexhausted claims.

Hill also generally invokes ineffective assistance of his state postconviction counsel and appears to argue that he can demonstrate good cause for failure to exhaust these claims due to such ineffective assistance. In *Martinez v. Ryan*, the United States

Supreme Court held that the failure to appoint counsel or the ineffective assistance of counsel in a state postconviction proceeding may establish cause to overcome procedural default of a claim of ineffective assistance of trial counsel. 566 U.S. 1, 17 (2012). The Ninth Circuit then held in *Blake v. Baker,* 745 F.3d 977 (9th Cir. 2014) that a valid claim of ineffective assistance of state postconviction counsel under *Martinez* (which would also encompass the absence of counsel) that would establish "cause" for overcoming a default would also be sufficient to justify a stay for purposes of exhausting the petitioner's claims. *Blake,* 745 F.3d at 983-84 (holding that "cause" under *Rhines* "cannot be any more demanding" than the *Martinez* standard); *id.* at 984 n.7 (noting that the Supreme Court has suggested the *Rhines* standard is more liberal).

Hill's argument that ineffective assistance of state postconviction counsel provides good cause for his failure to exhaust is unavailing on its face with respect to ground 4, which alleges prosecutorial misconduct, and with respect to the claim of trial court error in ground 3, because these types of claims generally must be raised on direct appeal. Thus, it is entirely unclear how the failure to raise the claims in a state postconviction petition would constitute ineffective assistance or provide a reasonable excuse here. *Blake*, 745 F.3d at 982; *see also Jones v. Barnes*, 463 U.S. 745 (1983) (counsel does not have a duty even to raise every non-frivolous claim on appeal).

Next, Hill argues that postconviction counsel was ineffective because he did not raise the claim of ineffective assistance of trial counsel for failing to qualify an alibi witness (the remaining claim in ground 3). However, Hill raised this claim in his *pro se* state postconviction petition, and his state postconviction counsel raised the claim in both the amended and second-amended supplemental state petitions. (Exh. 106 (ECF No. 12-15) at 18-19, 28-29; Exh. 138D (ECF No. 13-20) at 4-5; Exh. 146 (ECF No. 13-28) at 4-5, respectively.) The state district court considered the claim and denied it on its merits. (Exh. 162 (ECF No. 14-11) at 4.) State postconviction counsel did not raise this claim on appeal of the denial of the state petition. However, counsel has no duty to raise every non-frivolous issue on appeal and in fact should select the strongest claims in order to

4

1  maximize the possibility of success on appeal. *Jones*, 463 U.S. 745. This claim was raised
2  in the state postconviction litigation, and thus the alleged ineffective assistance of state
3  postconviction counsel cannot serve as good cause for a stay as to ground 3.[1]

4  Similarly, Hill presented ground 5(b)—alleging ineffective assistance of trial
5  counsel for failing to adequately explore Hill's competency to stand trial and significant
6  mental impairments—in his original *pro se* state postconviction petition. (Exh. 106 (ECF
7  No. 12-15) at 16-17, 26-27.) The state district court considered the merits of the claim.
8  (Exh. 162 (ECF No. 14-11) at 3-4, 6.) As with ground 3, this claim was presented in the
9  state postconviction litigation, and counsel has no duty to raise even every non-frivolous
10 issue on appeal. *Jones*, 463 U.S. 745.

11 Finally, with respect to ground 5(c), Hill contends that trial counsel was ineffective
12 for failing to object to the admission of autopsy photographs. This claim was never raised
13 in Hill's state postconviction proceedings. However, Hill provides no argument and has
14 not demonstrated that this is a non-frivolous claim that counsel unreasonably failed to
15 discover and raise. *See Delgado v. Lewis*, 223 F.3d 976, 980 (9th Cir. 2000). This court
16 concludes that Hill has not demonstrated good cause for failure to exhaust ground 5(c).
17 *Blake*, 745 F.3d at 982. Further, Hill has not shown or even argued that this claim is
18 potentially meritorious.

19 Accordingly, Petitioner's motion for a stay and abeyance of this federal habeas
20 corpus proceeding is denied. Hill must now either (1) inform this Court in a sworn
21 declaration that he wishes to formally and forever abandon the unexhausted grounds for
22 relief in his federal habeas petition and proceed on the exhausted ground; or (2) inform

---

[1]The Court notes that Hill also fails to demonstrate that the alibi claims are potentially meritorious. In his state postconviction petition he alleged, with no specific timeline or other support, that he spent time at his girlfriend's house and at a friend's house in Sacramento, California between when he was released from the Sacramento County Jail and when he was stopped for a traffic violation outside of Ely, Nevada about thirty-eight hours later. Taking Hill's estimated travel times between Sacramento and Verdi, Nevada and between Verdi and Ely as accurate, his alleged alibi does not support his claim that he had insufficient time to commit a burglary and murder in Verdi. (*See, e.g.*, Exh. 146 (ECF No. 13-28) at 4-5.)

this Court in a sworn declaration that he wishes to dismiss this Petition without prejudice in order to return to state court to exhaust his unexhausted claims.

**IV. CONCLUSION**

It is therefore ordered that Petitioner's motion for appointment of counsel (ECF No. 32) is denied.

It is further ordered that Petitioner's motion for stay and abeyance (ECF No. 28) is denied.

It is further ordered that Petitioner will have thirty (30) days to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted ground; or (2) inform this Court in a sworn declaration that he wishes to dismiss this Petition without prejudice in order to return to state court to exhaust his unexhausted claims.

It is further ordered that if Petitioner elects to abandon his unexhausted grounds, Respondents will have thirty (30) days from the date Petitioner serves his declaration of abandonment in which to file an answer to Petitioner's remaining ground, ground 5(a), for relief. The answer must contain all substantive and procedural arguments as to the surviving ground and must comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that Petitioner will have thirty (30) days following service of Respondents' answer in which to file a reply.

It is further ordered that if Petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED THIS 20th day of September 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE